UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Angela M. Stage,

    Plaintiff,

    v.

Carolyn W. Colvin,
Acting Commissioner of the
Social Security Administration,

    Defendant.

Case No. 2:14–cv–1427

Judge Michael H. Watson

Magistrate Judge Deavers

## OPINION AND ORDER

Defendant, the Commissioner of Social Security ("the Commissioner"), objects to the Report and Recommendation ("R&R") that Magistrate Judge Deavers issued in this social security case, ECF No. 21, which recommends reversing and remanding the Commissioner's decision. Obj., ECF No. 22. For the following reasons, the Court overrules the Commissioner's objections.

## I. BACKGROUND

In August 2011, Angela M. Stage ("Plaintiff") applied for social security benefits under 20 C.F.R. Part 404 and supplemental security income under 20 C.F.R. Part 416, alleging a disability since July 6, 2011 due to depression, anxiety, obesity, sleep apnea, arthritis in the knees and lateral epicondylitis in her right elbow. See Form SSA-3368 PAGEID # 385, ECF No. 9-6.

Plaintiff's application was denied initially and on reconsideration. Thereafter, on March 25 2013, an Administrative Law Judge ("ALJ") determined Plaintiff was not disabled for the period between the date of her application for benefits and the date of her decision. Plaintiff's request for review by the Appeals Council was denied on July 11, 2014, and the Commissioner adopted the ALJ's decision as the agency's final decision.

Plaintiff appealed the ALJ's decision to this Court on September 2, 2014.

On August 3, 2015, Magistrate Judge Deavers issued an R&R recommending that the action be remanded to the Commissioner for further consideration of whether substantial evidence supports the ALJ's decision denying benefits. The Commissioner objects to that recommendation.

## II. STANDARD OF REVIEW

Magistrate Judge Deavers issued the R&R pursuant to Federal Rule of Civil Procedure 72(b). Under that rule, the Undersigned must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The undersigned may accept, reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions. *Id.*

## III. ANALYSIS

On objection, the Commissioner asserts that an ALJ is not required to state the treating physician rule. The Commissioner objects to Magistrate Judge

Deavers' determination that it is not apparent that the ALJ even considered this rule because the ALJ did not cite to its provisions nor did the ALJ clearly apply its factors.

When applying the five-step sequential evaluation process as provided in 20 C.F.R. §§ 404.1520(a) and 416.920(a) to determine Plaintiff's eligibility under the Social Security Act, the ALJ determined that Plaintiff possesses the residual functional capacity to perform sedentary work, as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), with certain limitations. As part of this analysis, the ALJ considered opinion evidence in accordance with 20 C.F.R. §§ 404.1527 and 416.924.

Specifically, the ALJ considered the opinion of Plaintiff's treating physician, Dr. Kathy Dodd ("Dr. Dodd"). In addition, the ALJ considered the following doctors' opinions: Dr. Timothy Walter, who assessed Plaintiffs' sleep apnea; Dr. Robert Mueller, an orthopedic specialist; Dr. James Sardo, a pain-management specialist; two state agency doctors who conducted physical assessments, Dr. Leon Hughes ("Dr. Hughes") and Dr. Gerald Klyop (who reconsidered Dr. Hughes' findings); and two state agency doctors who conducted mental assessments, Dr. Tonnie Hoyle ("Dr. Hoyle") and Dr. Leslie Ruoy (who reconsidered Dr. Hoyle's findings).

Generally, a treating physician's opinion on the issue of disability is entitled to greater weight than that of a physician who examined the plaintiff on only one

occasion or who has merely conducted a paper review of the medical evidence of record. *Hurst v. Schweiker*, 725 F.2d 53, 55 (6th Cir. 1984); 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). In fact, if the treating source's opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record, it is given controlling weight. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). On the other hand, a treating physician's opinion is not controlling when it is not supported by detailed clinical and diagnostic test evidence. *See Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). In that event, the ALJ evaluates all the medical source evidence and determines what weight to assign each source, including treating sources. 20 C.F.R. §§ 404.1527(c), 416.927(c). The ALJ considers: the length of the relationship and frequency of examination; the nature and extent of the treatment relationship; how well-supported the opinion is by medical signs and laboratory findings; its consistency with the record as a whole; the treating source's specialization; other factors such as the source's familiarity with the Social Security program and understanding of its evidentiary requirements; and the extent to which the source is familiar with other information in the case record relevant to the decision. 20 C.F.R. §§ 404.1527(c)(1)–(6), 416.927(c)(1)–(6).

An ALJ must provide good reasons for the weight given a treating doctor's opinion, which means the decision denying benefits must make clear the weight

the ALJ gave the treating source's opinion and the reasons for that weight. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004); 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

Plaintiff has seen Dr. Dodd since August 2009. *See* Med. Rec. PAGEID # 539, ECF No. 9-7. From January 2011 through February 2013, Plaintiff visited Dr. Dodd regularly (monthly or bimonthly) to address Plaintiff's various physical and mental medical needs as reflected in Dr. Dodd's office notes. *E.g.*, *id.* at 758–61 (summarizing Plaintiffs February 24, 2012 visit). Over the course of her treatment of Plaintiff, Dr. Dodd noted Plaintiff had tenderness in her lumbar spine, *id.* at 781, 803, and a decreased bilateral knee jerk reflex, *id.* at 803. Magistrate Judge Deavers summarized the result of Dr. Dodd's February 2013 physical capacity evaluation as follows:

> In February 2013, Dr. Dodd completed a physical capacity evaluation in which she listed Plaintiff's diagnoses as major depression (recurrent, with anxiety), chronic pain syndrome, and morbid obesity. Dr. Dodd opined that Plaintiff could lift only 1-2 pounds, could walk and stand less than 30 minutes in an 8-hour workday, and could sit less than 2 hours in an 8-hour workday. Dr. Dodd acknowledged that Plaintiff should have the ability to change positions at will, or approximately once every 15-30 minutes. Dr. Dodd opined Plaintiff would need the ability to lay [d]own 2-3 times per work day. (R. at 824.) Dr. Dodd also opined that Plaintiff could occasionally twist, rarely stoop, bend or climb stairs and never crouch or climb ladders. Dr. Dodd indicated that the medical findings supporting her conclusions included her "patient report," but also were supported by the medical findings of Plaintiff's [sic] oesteoarthritis, chronic pain syndrome and morbid obesity. Dr. Dodd concluded that, "Patient's main problems are psychiatric – she has recurrent depression, anxiety with panic disorder and some degree of agoraphobia. Add onto that morbid obesity and chronic pain and

> she is unable to be a productive worker at pretty much any level."
> (R. at 824-25.)

R&R 9, ECF No. 21.

In her analysis, the ALJ granted Dr. Dodd's opinion little to no weight because her opinion was not persuasive based on the following: (1) It is clear that Dr. Dodd's opinion is based in large part on Plaintiff's reports because, during objective determinations, Plaintiff consistently had full muscle strength, a normal gait, and intact senses; (2) Plaintiff's description of her impairments are vastly more limiting than the objective evidence testing reflected; (3) Dr. Dodd was not a specialist; and (4) Dr. Dodd attributes Plaintiff's problems to psychiatric ailments, and Dr. Dodd is not an acceptable psychological medical source. ALJ Dec. 11, PAGEID # 199, ECF No. 9-2.

Plaintiff challenged the ALJ's analysis of Dr. Dodd's opinion in her Statement of Errors. Statement of Errors 15–19, ECF No. 15.

Magistrate Judge Deavers found that the ALJ failed to even mention the treating physical rule or the factors that should be considered under the regulations. R&R 23, ECF No. 21. Magistrate Judge Deavers determined the ALJ failed to apply the rules governing treating physician opinions such that "[h]er analysis of Dr. Dodd's opinion fell well short of what is required under the law." *Id.*

Magistrate Judge Deavers concluded that "the substantial evidence does not support the ALJ's stated reasons for assigning 'little to no weight' to Dr.

Dodd's opinion." *Id.* at 24. She found that Dr. Dodd's opinion of Plaintiffs' physical impairments was based both on Plaintiffs' reports and medically acceptable data. Magistrate Judge Deavers concluded that Dr. Dodd's several years' worth of office notes demonstrate her reliance on medically acceptable data. *Id.* (describing Dr. Dodd's notes of Plaintiffs' tender lumbar spine, decreased bilateral knee jerk reflex, and x-ray and MRI findings). Further, Magistrate Judge Deavers determined that Dr. Dodd's report is not inconsistent with the other substantial evidence of the record. *Id.* 24–25 (citing a litany of tests in support of Dr. Dodd's opinion). Regarding Plaintiff's mental impairments, Magistrate Judge Deavers found that Plaintiff's record is filled with evidence that Plaintiff suffers from major depression and anxiety as assessed by Dr. Dodd. Magistrate Judge Deavers found that Dr. Dodd, despite not being a specialist, was in a unique position to provide an assessment of the combined impact of Plaintiff's mental and physical limitations. *Id.* at 26.

Magistrate Judge Deavers concluded that: "On remand, a proper analysis of the record might not support giving controlling weight to the opinions of Dr. Dodd. Even if Dr. Dodd's opinion is not entitled controlling weight, they must still be weighed in accordance with the prescribed regulations." *Id.*

The Commissioner objects to this determination and argues that the ALJ did not err by failing to explicitly explain her reasoning based on the applicable

factors. Obj. 1, ECF No. 22. The Commissioner argues that no law or regulation required the ALJ to state the treating physician rule. *Id.*

The Commissioner avers that, by concluding that Dr. Dodd's opinion was well supported by the record, Magistrate Judge improperly assessed Dr. Dodd's opinion because it is the ALJ's function to evaluate the medical evidence and determine Plaintiff's RFC. *Id.* at 2. The Commissioner claims that "[t]he ALJ did not give controlling weight to Dr. Dodd's February 2013 opinion because it was based primarily on Plaintiff's subjective complaints and not on medically acceptable clinical and laboratory diagnostic techniques." *Id.* at 2–3. The Commissioner also claims that the ALJ provided a detailed summary of the objective evidence, which demonstrated how the objective medical evidence did not support Dr. Dodd's opinion. *Id.* at 3 (citing AR 140–45).

The Commissioners' argument is not well taken. In fact, it elucidates why this case must be remanded. While true, no law explicitly requires an ALJ to recant the treating physician rule, the ALJ's analysis of the treating physician's opinion under that rule must be sufficiently clear for a reviewing court. SSR 96-2P, 1996 WL 374188, at *5 (S.S.A. 1996) ("Paragraph (d)(2) of 20 CFR 404.1527 and 416.927 requires that the adjudicator will always give good reasons in the notice of the determination or decision for the weight given to a treating source's medical opinion(s), i.e., an opinion(s) on the nature and severity of an individual's impairment(s).").

In her objection, the Commissioner restates the ALJ's analysis of Dr. Dodd's February 2013 opinion and uses that analysis to argue that the ALJ determined that Dr. Dodd's opinion was not entitled controlling weight. The result gives the appearance that the *ALJ* considered the treating physician rule. However, by doing this, the Commissioner side steps the fact that it is unclear if the ALJ even considered whether Dr. Dodd's opinion is entitled to controlling weight in the first place since she did not mention the rule, cite to its factors, or explicitly state that Dr. Dodd's opinion was not entitled controlling weight. Accordingly, Magistrate Judge Deavers did not err, and the case is remanded for clarity on this issue.

## IV. CONCLUSION

Accordingly, the Court **OVERRULES** the Commissioner's objections and **ADOPTS** the R&R. The Commissioner's decision is **REVERSED** pursuant to Sentence 4 of 42 U.S.C. § 405(g) and **REMANDED** to the Commissioner for further consideration of whether substantial evidence does not support the ALJ's decision denying benefits.

**IT IS SO ORDERED.**

/s/ Michael H. Watson
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**

Case No. 2:14–cv–1427                                               Page 9 of 9